UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JANE DOE,

Plaintiff,

v.

BOSTON CELTICS et al.,

Defendants.

Civil Action No. 26-cv-14933-LTS

MEMORANDUM AND ORDER

November 5, 2026

SOROKIN, J.

Jane Doe, proceeding *pro se*, has filed a civil complaint, an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") (also referred to as a motion for leave to proceed in forma pauperis), a motion to file under a pseudonym, and a motion for leave to file electronically. For the reasons stated below, the Court will DENY the motion for leave to proceed in forma pauperis and DISMISS this action.

## I. Motion for Leave to Proceed in Forma Pauperis

Doe did not provide any information concerning her financial status in the Application, and she did not sign the document. She simply wrote "Approved" across the first page. See Doc. No. 2. In the absence of a signed affidavit in which Doe discloses her financial circumstances, see 28 U.S.C. § 1915(a)(1), the Court must DENY the motion.

## II. Review of the Complaint

"Every paper" filed in a federal court "requires some portion of the institution's limited resources," and the Court has a "responsibility is to see that these resources are allocated in a

way that promotes the interests of justice." In re McDonald, 489 U.S. 180, 184 (1989). To that end, "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." Dietz v. Bouldin, 579 U.S. 40, 47 (2016).

Pursuant to this authority, the Court has reviewed Doe's complaint and concludes that it is subject to sua sponte dismissal. Doe brings this action against the Boston Celtics, current and former members of that team, the NBA, American Express, the Commonwealth of Massachusetts, the Commonwealth's Housing Court, a state-court judge, real-estate companies, and other individuals. Under the heading "Nature of Action" she alleges:

> This civil action arises out of the NBA Defendants continued effort to deprive my right to remedy and relief for sex trafficking related damages, and to instead inflict damage onto me for the purposes of benefitting themselves, a United States organization, and enslaving me. . . . It is about payments made to my USA credit card with my [current] Employers account (in the same way they have been done in the past) while I was in a foreign country during the sex trafficking legal proceedings, a USA bank and credit card company giving back payments to my credit card that were made after the payments were processed, settled, and some of the credit was used while I was in a foreign country during the sex trafficking legal proceedings, restricting my available usage so that I was then over the limit and couldn't use the credit card at all and without notice, endangering my life and assisting in an attempt to murder me, and now seeking that I reissue the payment (presumably from the same account for which it was returned) while threatening me and negatively affecting my pursuit of recovering remedy and relief for sex trafficking related damages. . . .

Doc. No. 1 ¶ 1 (brackets in original).

This action substantively mirrors Doe v. Boston Celtics, No. 26-cv-11205-WGY (D. Mass.), which was dismissed with prejudice on March 19, 2026. In that action, Judge Young concluded that, in light of the dismissal of an earlier case by the same plaintiff (Doe v. Brown, No. 24-11561-LTS (D. Mass.)), the case in front of him was barred by preclusion principles. See No. 26-cv-11205-WGY, ECF Nos. 7, 12, 13; cf. Doc. No. 1 ¶ 12 (describing same case as having

"combined" three earlier lawsuits that had been "dismissed in the pleading stage" "into one lawsuit" in order "to officialize the connection between all three cases"). Doe's appeal of Judge Young's order of dismissal is pending. See No. 26-cv-11205-WGY, ECF No. 19.

The doctrine of res judicata prevents a plaintiff from bringing certain claims that the plaintiff litigated or could have litigated in an earlier action against the same party (claim preclusion), or from relitigating an issue actually decided in a litigant's prior case (issue prelusion). See Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc., 590 U.S. 405, 411–12 (2020). With the exception of any claims against American Express—the only defendant in this action who was not named as defendant in the case Judge Young dismissed—all of Doe's claims in this action are barred by claim preclusion.

Doe's complaint fails to state a claim for relief against American Express, because it does not plausibly allege that, by refusing to increase her credit limit, American Express was part of a "group conspiring to commit sex trafficking against" her. Doc. No. 1 ¶ 42; see also id. ¶¶ 36–42; Ashcroft v. Iqbal, 556 U.S. 662, 676–79 (2009).

**III. Conclusion**

Accordingly, it is hereby ORDERED that:

1. The motion for leave to proceed *in forma pauperis* (Doc. No. 2) is DENIED.

2. The motion for leave to file under a pseudonym (Doc. No. 3) is ALLOWED.

3. The Clerk shall SEAL the two attachments to the complaint that include the plaintiff's name (Doc. Nos. 1-1, 1-2).

4. This action is DISMISSED. The dismissal is without prejudice as to Doe's claims against American Express, and it is with prejudice as to her claims against all other defendants.

5. The motion for leave to file electronically (Doc. No. 4) is DENIED as moot.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge